**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| DONALD DALLAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:02cv777-MHT |
| | ) | (WO) |
| RICHARD F. ALLEN, | ) | |
| Commissioner, Alabama | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the court on two motions: (1) the respondent's motion, filed on May 30, 2008, for reconsideration of the order requiring that he address the merits of all claims in the petitioner's habeas petition and (2) the respondent's motion, filed on June 25, 2008, for ruling on his motion for reconsideration.

**I. FEBRUARY 2007 ORDER**

**On February 5, 2007, this court entered an order notifying counsel for both parties that this case was no longer referred to the magistrate judge for a Stage 1 recommendation pursuant to this court's earlier uniform practice for death-penalty cases and that, instead, the entire case would be resolved by the district judge. Order entered on February 5, 2007 (Doc. No. 78). Furthermore, the order required the parties to "file briefs on the merits of ALL claims as to which there is no agreement that the claim is procedurally defaulted or otherwise precluded from a review on the merits." Id. There was no objection to the February 2007 order. However, in his brief filed on August 14, 2007, the respondent ignored the February 2007 order and, instead, he failed to address the merits on some 53 claims that he contended were procedurally defaulted.**

**II. MAY 2008 ORDER**

**After all the briefs were filed, the court reviewed and considered the respondent's procedural-default argument. The court preliminarily and informally determined that the procedural-default argument lacked merit; that, as a result, the issues would most likely have to be decided on the merits; and that the respondent should address the merits as already expressly required in the February 2007 order. Thus, on May 23, 2008, this court entered an order requiring the respondent, <u>for a second time</u>, to file a brief addressing the merits of "ALL claims as to which there is no agreement that the claim is procedurally defaulted or otherwise precluded from a review on the merits." Ordered entered on May 23, 2008 (Doc. No. 100). Furthermore, in this order, the court advised the respondent that, on the basis of an earlier magistrate judge's recommendation on a motion to dismiss, which recommendation the court had adopted, "it**

**would appear that respondent's continued reliance on this procedural-default argument maybe misplaced." Id. Indeed, the court noted that the magistrate judge had previously concluded that "under federal law ... the state procedure applied to dismiss petitioner's Rule 32 appeal was [not] 'firmly established' and 'regularly followed' at the time Dallas sought to appeal from denial of his Rule 32 petition." Id.**

## III. DISCUSSION

**In the pending motions filed in response to the May 2008 order, the respondent asks the court to "reconsider its order instructing Respondent to brief the merits of all of the claims in Dallas's habeas petition and to vacate or stay that order until this Court has ruled on Respondent's affirmative defense that fifty-three (53) of the claims in Dallas's habeas petition are procedurally defaulted and are, therefore, unworthy of merits briefing**

**or review." As an initial matter, even if the court were to vacate its May 2008 order, the respondent would still have to comply with the February 2007 order, which required the same thing as the May 2008 order.**

**In addition, the court's decision to delay resolution of the procedural-default issue until issuance of a final order and memorandum opinion in this case is supported by case law and this court's own procedures for resolving death-penalty cases. The Eleventh Circuit Court of Appeals has recognized that a district court may decline to decide a procedural-default issue where it is apparent that there is no substance to the merits of the constitutional claim. See U.S. v. Nyhius, 8 F. 3d 731, 744 (11th Cir. 1993) (citing Smith v. Dugger, 840 F. 2d 787, 791 (11th Cir. 1988)). Moreover, at the respondent's urging this court condensed the Stage 1 and Stage 2 process for filing briefs for cases filed after June 1, 2005, eliminating the need for a Stage 1**

recommendation by the magistrate judge on the issues of procedural default. Rather, under the new procedure, the district judge would resolve all issues in the case by memorandum opinion and final order. Chief Judge Fuller's June 6, 2005 letter to Attorney General King (Doc. No. 104 at 2-3). Although not addressed specifically in the letter, for those cases pending in Stage 1 where no recommendation had yet been issued as of June 6, 2005, the question of how to proceed in those case was left to each district judge. This case was such a case.

However, because of the large number of claims affected by the respondent's wholesale procedural-default argument and the thorough briefs previously provided by the parties on this issue, the court concludes that, in this instance, judicial efficiency will be served better by addressing the respondent's procedural-default argument prior to the respondent's filing briefs on the merits of these claims affected by the procedural-default

argument. Thus, the court concludes that the respondent's motions for reconsideration and ruling should be granted and that the court's February 2007 and May 2008 orders should both be vacated to the extent that the respondent shall not be required at this time to file briefs on the merits of the 53 claims at issue until such time as this court has the opportunity to consider and rule upon the respondent's affirmative defense that these claims are procedurally defaulted.

The court recognizes that there are a limited number of claims, not subject to the wholesale procedural-default argument discussed above, for which the respondent has other grounds for arguing procedural default and for which the respondent has not provided merits briefs to the court. Although the respondent's motions do not expressly deal with these claims, the respondent may also defer briefing these limited claims on the merits until further order of this court.

**Accordingly, it is ORDERED as follows:**

**(1) The respondent's motion for reconsideration of the order requiring that he address the merits of all claims in the petitioner's habeas petition (Doc. No. 103) and motion for ruling on his motion for reconsideration (Doc. No. 105) are granted.**

**(2) Until further order of this court, the respondent is not be required to file briefs on the merits of the claims for which procedural default has been asserted.**

**DONE, this the 8th day of July, 2008.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**